IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. HOPSON, | : | CIVIL NO. 3:10-CV-782 |
| | : | |
| Plaintiff, | : | (Judge Caputo) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, | : | |
| DAUB JEFFREY BEARD | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

**I.   Statement of Facts and of the Case**

This is a *pro se* civil rights action brought by John Hopson, a state prisoner. Hopson commenced this action by filing a complaint on April 13, 2010. (Doc. 6.)[1] Liberally construed, Hopson's complaint alleges that he was falsely and unjustly imprisoned for six months in 2008 due to an error by the parole board, an error that Hopson claims that he tried to bring to the attention of the board.

---

[1] Hopson's complaint was initially filed in the United States District Court for the Eastern District of Pennsylvania, and was then transferred to this Court upon the discovery that Hopson was housed in state prison in this district at the time of the events set forth in his complaint.

On May 23, 2011, Hopson filed a motion to compel the Defendants to respond to interrogatories which he had previously propounded upon the Defendants in April 2011. (Docs. 31 and 32.) At the direction of this Court, the Defendants have now responded to this motion, (Doc. 34), indicating that they have provided Hopson with responses to these interrogatories, and asserting that in light of these responses further sanctions are inappropriate. (Id.)

We agree.

**II.　Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First

Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. One of the defining legal principles which guides our discretion is the mootness doctrine. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." <u>Blanciak v. Allegheny Ludlum Corp</u>., 77 F.3d 690, 698-99 (3d Cir. 1996).

In this case, the mootness doctrine applies, and calls for dismissal of Hopson's motion as moot. In this motion Hopson sought to have this Court compel the Defendants to respond to his interrogatories. The Defendants now report that they have responded to these discovery demands. Since the Defendants have provided Hopson with the relief he sought– discovery responses–these intervening events fully satisfy Hopson's discovery needs and now "prevent [the] court from being able to grant the requested relief, [therefore] the [motion should] be dismissed as moot." <u>Blanciak v. Allegheny Ludlum Corp</u>., 77 F.3d 690, 698-99 (3d Cir. 1996).

### III. <u>Conclusion</u>

For the foregoing reasons, Hopson's motion to compel, (Doc. 32) is DISMISSED as moot.

So ordered this 13th day of June, 2011.

*<u>S/Martin C. Carlson</u>*
Martin C. Carlson
United States Magistrate Judge
